UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20181-CIV-SEITZ
MAGISTRATE JUDGE P.A. WHITE

EUGENE E. MACK,                    :

        Plaintiff,                 :          REPORT OF
                                              MAGISTRATE JUDGE
v.                                 :

LINDA LOIZZO, ET AL.,              :

        Defendants.                :
_____

        This Cause is before the Court upon the plaintiff Mack's
Motion for Leave to File an Amended and Supplemental Complaint.
[DE# 36].

        The plaintiff Eugene E. Mack, currently housed at the Walton
Correctional Institution, filed a pro se civil rights complaint
pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1].
The plaintiff has been granted leave to proceed in forma pauperis.
[DE# 7].

        On January 31, 2008, the Undersigned issued a Preliminary
Report recommending, inter alia, the claims of excessive force and
failure to intervene under the Fourth Amendment and related pendent
state law claims proceed against the defendants Fogelgren, Does I
and II and Ierubino, in their individual capacities. [DE# 6].  On
April 7, 2008, the Honorable Patricia A. Seitz issued an Order
adopting the recommendations of the Report, including the
recommendation that the Complaint proceed against Fogelgren only in
his individual capacity and any official capacity claims be
dismissed. [DE# 13].  Fogelgren was served [DE# 18] and he filed a
Motion to Dismiss [DE# 19].  The U.S. Marshal was unable to serve

Ierubino [DE# 12] and the Court entered an Order directing the plaintiff to provide information for service [DE# 16].

A subsequent Report recommending that Fogelgren's Motion to Dismiss be denied also noted that the case was proceeding against him only in his individual capacity. [DE# 20].  On June 23, 2008, Foglegren's first Motion to Dismiss [DE# 19] was denied. [DE# 22]. Fogelgren filed an Answer [DE# 25] and a second Motion to Dismiss claims against him in his official capacity [DE# 26] which was denied as moot. [DE# 42].

As stated above, this cause is presently proceeding on claims of excessive force and failure to intervene under the Fourth Amendment and related pendent state law claims against the defendants Fogelgren, Does I and II and Ierubino, in their individual capacities.  The plaintiff now seeks to amend [DE# 36], as follows:

1.    Substitute Broward County Sheriff's Detective Daniel Thompson for John Doe
2.    Substitute William B. Berger for Linda Loizzo
3.    Add Rafael P. Hernandez, Jr., City of North Miami Beach Chief of Police, as a defendant
4.    Add several unidentified City of North Miami Beach police officers as defendants
5.    Add a Monell claim against the City of North Miami Beach Police Department

Leave of Court is required before the plaintiff may proceed on the Amended Complaint.  Fed.R.Civ.P. 15(a).  To determine whether the plaintiff should be granted leave to amend, the proposed amended complaint will be analyzed pursuant to 28 U.S.C. §1915.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

*   *   *

(B) the action or appeal –

*   *   *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e)" where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims

rely on factual allegations that are "clearly baseless." <u>Denton v.</u>
<u>Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)"). In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States. <u>Arrington v. Cobb</u>
<u>County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106
(1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).
The allegations of the complaint are taken as true and are
construed in the light most favorable to Plaintiff. <u>Davis v.</u>
<u>Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).
The complaint may be dismissed if the plaintiff does not plead
facts that do not state a claim to relief that is plausible on its
face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955
(2007)(retiring the oft-criticized "no set of facts" language
previously used to describe the motion to dismiss standard and
determining that because plaintiffs had "not nudged their claims
across the line from conceivable to plausible, their complaint must
be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d
1289 (11 Cir. 2007). While a complaint attacked for failure to
state a claim upon which relief can be granted does not need
detailed factual allegations, a plaintiff's obligation to provide
the grounds of his entitlement to relief "requires more than labels
and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

<u>Excessive Force Claims</u>

The plaintiff raises the following factual and legal allegations. On January 20, 2004, following a high speed automobile chase in which the plaintiff was a passenger, after the plaintiff exited the vehicle, Thompson (formerly John Doe I) drew his weapon and ordered the plaintiff to lay on the ground and the plaintiff complied. Then, John Doe II approached the plaintiff and kicked him in his face while shouting racial epithets. Thompson did not intervene to stop John Doe II. Thereafter, a K-9 police dog was unleashed on the plaintiff and the dog bit him on his arm, neck, face and rib area while Foglegren (the K-9 officer) and Ierubino looked on. The plaintiff repeatedly asked Foglegren to call off the canine because he was not resisting, but Thompson, Doe II, Foglegren, Ierubino and "several other officers" just watched and laughed. The plaintiff seeks to add these additional, unidentified officers as defendants based on Fogelgren's statement during an internal affairs investigation in which he stated that "there were other officers chasing him" and Thompson's statement that there were several officers chasing the plaintiff. The plaintiff suffered multiple physical injuries. The plaintiff filed a complaint with Loizzo and internal affairs, and Loizzo took no corrective action, and with the Broward County Sheriff's Office but has received no response. The plaintiff alleges that the defendants Foglegren, Thompson, Doe II, Ierubino and several other

5

officers violated his Fourth and Fourteenth Amendment rights and Doe II violated state law by committing an assault and battery.

The plaintiff also seeks to raise a claim that current Police Chief Hernandez has failed to take corrective action to curb subordinate officers' use of excessive force despite being on notice of 25 citizen complaints since 2000. The plaintiff alleges that Berger, Hernandez and Lewis have violated his constitutional rights by failing to adequately train and supervise subordinate police officers by condoning an official policy or custom concerning the use of force.

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); Ortega v. Schram, 922 F.2d 684, 694 (11 Cir. 1991).

The claims that Doe II and Fogelgren engaged in excessive force (along with the pendent state law claim against Doe II) are currently pending. The claims that Ierubino and Thompson failed to intervene are also pending. The plaintiff seeks to include additional unidentified officers on a claim of failure to intervene. The plaintiff states that several other officers "had

gathered" after Doe II had stopped his attack and immediately after
the K-9 police dog began to attack him.  He claims that these
officers failed to intervene to stop the dog attack.  Despite the
absence of these officers' identities, it is recommended that the
plaintiff be permitted to amend his complaint to substitute
Thompson for Doe I, and to proceed against these officers, as he
alleges that these officers were in a position to intervene to stop
the dog from unnecessarily attacking him yet failed to do so.  It
will be the plaintiff's responsibility to provide the names of
these officers in order for the Court to order service.[1]

### Supervisory and Monell Claims

It is axiomatic that the plaintiff cannot include the former
or current police chiefs or any other supervisors (such as Lewis)
as defendants in this action simply because they hold supervisory
positions.  Public officials in supervisory positions cannot simply
be held vicariously liable for the acts of their subordinates.
Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d
1002, 1008 (11 Cir. 1986).  Nor can liability be predicated solely
upon the doctrine of respondeat superior in a §1983 action.  Monell
v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v.
County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Under appropriate circumstances the failure to adequately
train, supervise or discipline may give rise to a claim cognizable
under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378
(1989).  Mere conclusory allegations of failure to train, however,
are not enough; and the courts have generally held that there is no

---

[1]  The Undersigned has entered an Order granting the
plaintiff's motion for an extension of time to complete discovery,
which will give him an opportunity to attempt to discover the
identities of these officers.

affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391). Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise, discipline and train, which is insufficient to state a constitutional claim. The plaintiff attempts to raise an inference that the fact that police chiefs were aware of 25 citizen complaints since 2000, all of which were either dismissed or found

to be unfounded, somehow translates into a failure to adequately train or supervise.  However, the plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference, or identity any specific deficiency in any training program that resulted in a deprivation of his constitutional rights.

   To the extent that the plaintiff seeks to sue these supervisors in their official capacity, which is a suit against the municipality, see McMillian v. Monroe County, 520 U.S. 781, 785 n. 2 (1997), raising a claim of an unconstitutional custom or policy, his claim fails.  As a municipality, pursuant to Florida law, the City of North Miami Beach is not insulated from suit in this case by sovereign immunity under the Eleventh Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) ("States are protected by the Eleventh Amendment while municipalities are not . . . .") (citing Monell v. Department of Social Services, 436 U.S. 658, 690 n. 54 (1978)).

   The City cannot be vicariously liable under §1983 for the actions of its employees: "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691; City of Canton v. Harris, 489 U.S. 378, 385 (1989). Because merely employing a tortfeasor does not create liability, the plaintiff must prove his injury was inflicted pursuant to an "official policy" of the city.  In order to establish that a municipality is liable under §1983, a plaintiff must demonstrate the following: (1) the act was officially sanctioned or ordered by the municipality; or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for

the city.  Grech v. Clayton County, 335 F.3d 1326, 1329 (11 Cir. 2003).

Despite the boilerplate language, the plaintiff does not allege that there was any officially sanctioned act.  His argument must be construed as an allegation that the supervisors condoned an unofficial policy and custom of the use of excessive force by police officers.[2]  Although the plaintiff couches his claim in terms of a "custom or policy," his factual allegations indicate a claim that the City (through the police department) tolerated or condoned the actions of its police officers and failed to adequately train  and supervise them.  The plaintiff attempts to support his argument that city police officers had a history of using unnecessary force by submitting evidence of citizen complaints raised against them, but the submitted documents indicate the opposite: the citizen complaints of excessive force were all investigated and none were sustained.  See Exh. C.

In addition, none of the named supervisors are final policymakers for the city.  See, e.g. Wilson v. Miami-Dade, No. 04-23250, 2005 WL 3597737 at *8-*10 (S.D. Fla. Oct. 11, 2005) (Moore, J.) (granting motion to dismiss based on failure to plead that the Board or Manager were responsible for the alleged violations and holding that only the Board or Manager, and not the Director of the Police Department, could be final policymaker for the County); Buzzi v. Gomez, 62 F.Supp.2d 1344, 1359-1360 (S.D. Fla. 1999)

_____

[2] The plaintiff has submitted what appears to be a portion of the City's policy concerning the use of K-9 police dogs.  From this portion, it appears that the policy itself is entirely constitutional.  The plaintiff's claim is that the defendant officers engaged in conduct which violated an otherwise constitutional policy.  This does not state a cognizable Monell claim because the policy is not at issue; the concern is the officers' unconstitutional deviation form the policy.

(Gold, J.) (finding that the Miami-Dade County Police Department Director was not the final policymaker for the County); <u>Moore v. Miami-Dade County</u>, No. 06-22705, 2007 WL 2302481 (S.D.Fla. July 18, 2007)(Gold, J.); <u>Lawrence v. Metro Dade County</u>, 872 F.Supp. 957, 964 (S.D.Fla. 1994) (noting that the County Manager oversees the Police Department)). Accordingly, because the plaintiff has not alleged the existence of a custom or policy which caused a deprivation of his federal constitutional rights which was known and ratified by the City's final policymakers, his §1983 claim against the supervisors in their official capacity, tantamount to a claim against the City, fails to state a claim for relief under <u>Monell</u> and should be dismissed.

Even if the Police Chief or another police supervisor could be considered a final policymaker, the plaintiff has failed to state a <u>Monell</u> claim. The basis for his §1983 claim against the city, although purportedly based on the existence of an unconstitutional unofficial policy or custom, is rather based on the alleged use of excessive force by subordinate police officers. Despite the plaintiff's argument and exhibits, he has failed to raise any facts which show any unconstitutional activity beyond the alleged use of excessive force by the defendant police officers. He simply has not shown the requisite pattern of illegality necessary to state a viable <u>Monell</u> claim, nor has he shown that a police supervisor or an actual city final policymaker had subjective knowledge of and failed to stop an unconstitutional practice that was "so pervasive as to be the functional equivalent of a formal policy." <u>Grech</u>, 335 F.3d 1330 n.6.

<u>Recommendation</u>

Based on the foregoing, it is recommended as follows:

11

1.    The Motion to Amend [DE# 36] be granted in part and
      denied in part, to wit:

      A.    The Motion to Amend to substitute Thompson for Doe
            I be granted;

      B.    The Motion to Amend to add "several other officers"
            as defendants be granted;

      C.    The Motion to Amend to substitute Berger for
            Loizzo, reinstate Lewis as a defendant; add
            Hernandez as a defendant; raise any claims
            concerning the internal affairs investigation or
            BSO complaint; or any claims based on respondeat
            superior or Monell be denied.

2.    The Amended Complaint [DE# 36] become the Operative
      Complaint, and proceed against the defendants Thompson,
      Fogelgren, Ierubino and "several other officers," only in
      their individual capacities.

      Objections to this report may be filed with the District Judge
within ten days of receipt of a copy of the report.

      It is so recommended at Miami, Florida, this 18th day of
November, 2008.


                              _____
                              UNITED STATES MAGISTRATE JUDGE


                                    12

cc:   Eugene E. Mack, <u>Pro Se</u>
      No.  04-6520
      Walton Correctional Institution
      691 World War II Veterans Lane
      DeFuniak Springs, FL 32433

      Darcee S. Siegel, Esq.
      City Attorney's Office
      17011 NE 19th Avenue
      North Miami Beach, FL 33162