UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20181-CIV-SEITZ/WHITE

EUGENE MACK,

    Plaintiff,

v.

LINDA LOIZZO, et al.,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING IN-PART AND REJECTING IN-PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation [DE-43] of Magistrate Judge White [DE-43]. *Pro se* Plaintiff Eugene Mack asserts claims for excessive force and failure to intervene pursuant to 42 U.S.C. §1983, as well as pendent state law claims, against Defendants Foglegren, Ierubino, Sheriff John Doe I, and Sheriff John Doe II, in their individual capacities. Plaintiff seeks leave to amend his Complaint in order to: (1) substitute Broward County Sheriff's Detective Daniel Thompson for Sheriff John Doe I; (2) assert §1983 failure to intervene claims against certain unidentified City of North Miami Beach police officers; (3) assert §1983 claims against William B. Berger, former Chief of Police for the City of North Miami Beach; (4) assert §1983 claims against Rafael P. Hernandez, current Chief of Police for the City of North Miami Beach; and (5) assert §1983 claims against the City of North Miami Beach pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[1] Magistrate Judge White recommends that the Amended Complaint proceed against Detective Daniel Thompson and the unidentified City of North Miami Beach police officers, but that the remainder of the proposed amendments be rejected for failure to state a claim upon which relief may be granted [*See* DE-43]. Plaintiff filed objections to the Report and Recommendation [DE-48], to which Defendant Fogelgren responded [DE-49].

The Court has undertaken a *de novo* review of the record, and for the reasons discussed herein, the Court will adopt the Report and Recommendation as to the claims against Detective Thompson and the unidentified City

---

[1] While the proposed Amended Complaint originally sought to reinstate various claims against former Defendant A.G. Lewis, Plaintiff subsequently withdrew this request. (*See* Plaintiff's Objections, p. 11 [DE-48].)

of North Miami Beach police officers, and allow those causes of action to proceed. In addition, the Court adopts the Report and Recommendation as to the claims against Chief Hernandez, both in his official and individual capacities, as well as Chief Berger in his official capacity, and will therefore dismiss those claims from the action. However, the Court rejects the Report and Recommendation as to the claim against Chief Berger in his individual capacity and the municipality claim against the City of North Miami Beach, and accordingly, shall allow those claims to proceed.

## I. DETECTIVE DANIEL THOMPSON AND UNIDENTIFIED CITY OF NORTH MIAMI BEACH POLICE OFFICERS

Plaintiff alleges that Detective Daniel Thompson, as well as the unidentified City of North Miami Beach police officers, failed to intervene "to prevent the use of excessive force by defendant Fogelgren and the tort of [a]ssault and [b]attery by Defendant Doe II." (Proposed Amended Compl., ¶ 31[DE-36-2].) As failure to intervene claims are cognizable under §1983, *see Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985), Plaintiff may proceed against Thompson and the unidentified City of North Miami Beach police officers in their individual capacities.

## II. POLICE CHIEFS RAFAEL HERNANDEZ AND WILLIAM BERGER

Plaintiff also asserts §1983 claims against Rafael Hernandez and William Berger, respectively the current and former Chiefs of Police for the City of North Miami Beach, both in their individual and official capacities. However, claims against municipal officers, sued in their official capacity, are functionally equivalent to claims against the municipality. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Therefore, Plaintiff's official capacity claims against Hernandez and Berger shall be dismissed as duplicative to his *Monell* claim against the City of North Miami Beach. *See id.*

As to Plaintiff's individual §1983 claims against Hernandez and Berger, the Eleventh Circuit has consistently held that "supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, supervisory liability under §1983 occurs only when: (1) the supervisor personally participates in the alleged unconstitutional conduct; or (2) there is a causal connection between the actions of a

supervising official and the alleged constitutional deprivation.[2] *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). As to Defendant Hernandez, Plaintiff fails to allege any meaningful facts to suggest that Chief Hernandez personally participated, or was causally related, to the alleged deprivation of Plaintiff's constitutional rights -- as such, Defendant Hernandez must be dismissed from the action. As to Defendant Berger, the Amended Complaint, when read in conjunction with Plaintiff's objections, alleges that Defendant was aware of an "ongoing pattern of subjecting citizen's complaints to a meaningless investigation procedure...this repeatedly resulted in...a failure to discipline abusive officers." As *pro se* filings are held to a less stringent pleading standard than those drafted by an attorney, *see Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court finds that Plaintiff has met the minimal pleading standard under 28 U.S.C. §1915 to establish a potential causal connection between Defendant Berger and the alleged deprivation of his constitutional rights. *See Danley v. Allen*, 540 F.3d 1298, 1314-1315 (11th Cir. 2008) (specific allegations of actual knowledge of prior constitutional violations sufficient to survive motion to dismiss). Thus, Plaintiff may proceed on his §1983 supervisory claim against Defendant Berger in his individual capacity.

## III.   CITY OF NORTH MIAMI BEACH

Finally, as to Plaintiff's proposed *Monell* claim against the City of North Miami Beach, a municipality may be held liable only if the plaintiff shows that a "custom" or "policy" was the "moving force" behind the constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, to properly state a *Monell* claim, Plaintiff must identify either: (1) an officially promulgated policy or (2) an unofficial custom or practice shown through the "longstanding and widespread" repeated acts of a final policymaker. *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003); *Brown v. City of Fort Lauderdale*, 923 F.2d 1474 (11th Cir. 1991).

The Amended Complaint, liberally construed, alleges that the City of North Miami Beach was "deliberately indifferent" to an unofficial custom of excessive force and inadequate training. While the citizen

---

[2] The "necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The deprivations that constitute widespread abuse must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," or that a supervisor's "custom or policy ... resulted in deliberate indifference to constitutional rights." *See Danley v. Allen*, 540 F.3d 1298, 1314-1315 (11th Cir. 2008).

complaints upon which Plaintiff relies were ultimately dismissed or held unfounded, it is Plaintiff's contention that the City's "investigatory procedures were structured to curtail disciplinary action and stifle investigations into credibility of officers." (Plaintiff's Objections, p.6.) In light of such allegations, the Court finds that Plaintiff has met the minimal pleading standard under 28 U.S.C. §1915 to establish the alleged pattern of illegality necessary for a finding of "deliberate indifference" under Eleventh Circuit precedent. *See Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998). Thus, Plaintiff may proceed on the proposed *Monell* claim against the City of North Miami Beach.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED THAT

(1)  The Report and Recommendation of Magistrate Judge White [DE-43] is AFFIRMED AND ADOPTED IN-PART AND REJECTED IN-PART.

(2)  Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint [DE-36] is GRANTED IN-PART, and Plaintiff may amend his Complaint to assert §1983 claims for failure to intervene against Defendant Daniel Thompson, as well as the unidentified City of North Miami Beach police officers, in their individual capacities. Plaintiff may also amend his Complaint to assert a §1983 supervisory liability claim against William Berger in his individual capacity, as well as a §1983 municipality claim against the City of North Miami Beach pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

(3)  Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint [DE-36] is DENIED IN-PART. Plaintiff shall not proceed on the proposed §1983 supervisory liability claim against Rafael Hernandez.

ORDERED in Miami, Florida, this 3rd day of April, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT

cc:
Magistrate Judge White
Counsel of Record