```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE  NO.  08-20181-CIV-SEITZ
                                    MAGISTRATE JUDGE P.A. WHITE

EUGENE E. MACK,                 :

        Plaintiff,              :          REPORT OF
                                         MAGISTRATE JUDGE
v.                              :

LINDA LOIZZO, ET AL.,           :

        Defendants.             :
_____
```

This Cause is before the Court upon the defendant Thompson's Motion to Dismiss [DE# 73] and the Motion to Dismiss [DE# 74] filed by the defendants Berger, unidentified City of North Miami Beach Police Officers and the City of North Miami Beach.

The plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 7]. On January 31, 2008, the Undersigned issued a Preliminary Report recommending, inter alia, the claims of excessive force and failure to intervene under the Fourth Amendment and related pendent state law claims proceed against the defendants Fogelgren, Does I and II and Ierubino, in their individual capacities. [DE# 6]. On April 7, 2008, the Honorable Patricia A. Seitz issued an Order adopting the recommendations of the Report, including the recommendation that the Complaint proceed against Fogelgren and Ierubino only in their individual capacity and any official capacity claims be dismissed. [DE# 13]. A subsequent Report recommending that Fogelgren's Motion to Dismiss be denied also noted that the case was proceeding against him only in his individual capacity. [DE# 20]. On June 23, 2008, Foglegren's first Motion to Dismiss [DE# 19] was denied. [DE# 22]. Fogelgren filed

an Answer [DE# 25] and a second Motion to Dismiss claims against him in his official capacity [DE# 26] which was denied as moot. [DE# 42].

The plaintiff filed an Amended Complaint [DE# 36], seeking to:

1. Substitute Broward County Sheriff's Detective Daniel Thompson for John Doe
2. Substitute William B. Berger for Linda Loizzo
3. Add Rafael P. Hernandez, Jr., City of North Miami Beach Chief of Police, as a defendant
4. Add several unidentified City of North Miami Beach police officers as defendants
5. Add a <u>Monell</u> claim against the City of North Miami Beach Police Department

In the motion for leave to amend, the plaintiff stated: "3. The plaintiff, in his original complaint, named Linda Loizzo as a defendant. 4. The plaintiff has discovered that William B. Berger was the Chief of Police for the City of North Miami Beach." The plaintiff does not raise any factual allegations against Berger in the body of the Amended Complaint; he alleges that Loizzo "failed to take corrective actions concerning the allegations" regarding the events that transpired on January 20, 2004. He alleges that he filed an internal affairs complaint on August 26, 2007 "or otherwise provided notification to then police chief Linda Loizzo." As a claim for relief, the plaintiff alleges that Berger/Hernandez . . . fail[ed] to take corrective action against, train or supervise NMBPD officers [which] violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution." The claims against Loizzo were dismissed after the plaintiff filed the Complaint. [DE# 13]

2

On April 3, 2009, Judge Seitz entered an Order permitting the Amended Complaint to proceed against: Thompson (substituted for Doe I); unidentified City of North Miami Beach Police Officers, in their individual capacities; William Berger, in his individual capacity; and against the City of North Miami Beach pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). [DE# 62]. Judge Seitz dismissed the official capacity claims against Berger and Hernandez as duplicative of his <u>Monell</u> claims, but permitted the individual capacity claims to proceed against Berger based on the statement in the plaintiff's Objections that Berger was aware of an "ongoing pattern of subjecting citizen's complaints to a meaningless investigation procedure . . . this repeatedly resulted in . . . a failure to discipline abusive officers." Judge Seitz liberally construed the Amended Complaint "in conjunction with Plaintiff's objections" to raise the new claim that Berger, who was the police chief at the time of the events in questions, was personally aware of an ongoing pattern of police misconduct and personally failed to act to correct the misconduct, which resulted in a violation of the plaintiff's constitutional rights. This claim was not raised against Loizzo in the Complaint.

In the Complaint [DE# 1] as to Loizzo, the plaintiff alleged only that he "filed a complaint with the North Miami Beach Police Internal Investigations unit on August 26, 2007, or otherwise provided notification to defendant Loizzo concerning defendant Foglegren's excessive and unwarranted use of force by allowing police canine Chaos to bit the plaintiff when offered no resistance. Defendant Loizzo failed to take corrective action concerning the allegation contained in paragraph 19." [DE# 1 at 4, ¶¶19, 20].

This case was closed for lack of prosecution, and then reopened when the plaintiff provided his current mailing address. [DE# 70].

### Defendant Thompson's Motion to Dismiss [DE# 73]

Thompson has filed a Motion to Dismiss, arguing that the Complaint against him is barred by the applicable statute of limitations because he was not identified until October 16, 2008. [DE# 73].

A §1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. See Chappell v. Rich, 340 F.3d 1279, 1283 (11 Cir. 2003), cert. denied, 540 U.S. 1219 (2004); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11 Cir. 1999) (citing Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261, 276(1985)).[1]

---

[1]   In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions.  Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the

The expiration of Florida's four-year statute of limitations is an affirmative defense the existence of which warrants a dismissal of a complaint, as frivolous. Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 641 n. 2 (11 Cir. 1990).

In order for an amendment adding a new party to relate back, the plaintiff must satisfy three requirements: 1) the claim against the newly named party must have arisen out of the same conduct or transaction set forth in the original timely pleading; 2) the newly named party must receive notice of the action within the 120 day service period so it will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known, or should have known, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. Fed. R. Civ. P. 15(c)(3).

The Eleventh Circuit has held that the substitution of a newly named party for a "John Doe" defendant in the original complaint does not meet the "but for mistake" requirement in Rule 15(c)(3). Wayne v. Jarvis, 197 F.3d 1098, 1103 (11 Cir. 1999), cert. denied, 529 U.S. 1115 (2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11 Cir. 2003). In other words, a lack of knowledge about a party's identity in the "John Doe" context does not constitute a mistake pursuant to Rule 15(c)(3). Wayne, 197 F.3d at 1103. In the instant case, there is no indication that the

---

limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989). Florida has a general tolling statute, Fla.Stat. §95.051, but it does not toll limitations periods for prisoners.

Thus, for purposes of the claims raised in this civil rights suit, the length of the limitations period, determined by state law, is four years.

plaintiff made any mistake - it appears that the plaintiff simply had no knowledge that Doe I's identity was Thompson.

The alleged constitutional violation occurred on January 20, 2004.  The Amended Complaint identifying Doe I as Thompson was signed by the plaintiff on October 12, 2008 and filed in this Court on October 16, 2008.  Because the plaintiff has not shown that there was any mistake concerning Thompson's identity, and as the Amended Complaint was filed more than four years after the alleged occurrence, it is recommended that the defendant Thompson's Motion to Dismiss [DE# 73] be granted and Thompson be dismissed as a party to this civil action, as the claims against him are barred by the applicable statute of limitations.

## Defendant Berger, City of North Miami Beach and Unidentified Police Officers' Motion to Dismiss [DE# 74]

The defendants Berger, City of North Miami Beach and unidentified City of North Miami Beach police officers have filed a Motion to Dismiss, arguing that the Complaint against them is barred by the applicable statute of limitations because they were not identified as parties until October 16, 2008.  [DE# 74].

## City of North Miami Beach and the unidentified City of North Miami Beach Police Officers

For the same reasons discussed above, the Motion to Dismiss the City of North Miami Beach and the unidentified City of North Miami Beach police officers, added as parties in the Amended Complaint, should be granted as the claims against these parties are barred by the statute of limitations.

The Amended Complaint adding these new parties does not relate back to the Complaint because the plaintiff has failed to satisfy the legal elements detailed above.  This is so even if the Amended Complaint could be liberally construed so that the claim against the newly named parties arose out of the same conduct or transaction set forth in the original complaint.  Specifically, the newly named parties did not receive notice of the action within the 120 day service period and they would be prejudiced in maintaining a defense on the merits; and this not a case of mistaken identity, in that "but for a mistake" made by the plaintiff concerning the newly named parties' identities, the action would have been brought against the newly named parties in the first place.  <u>Fed. R. Civ. P.</u> 15(c)(3).  The Complaint did not name these parties nor raise a <u>Monell</u> claim.  In fact, the plaintiff specifically states in the Amended Complaint that the unidentified officers were discovered in May, 2008.  Accordingly, these parties should be dismissed from this civil action.

<u>Defendant Berger</u>

Although the plaintiff attempts to substitute Berger for Loizzo, the claims raised against Berger in the Amended Complaint as clarified and supplemented by his Objections were not raised in the Complaint.  The claim in the Complaint against Loizzo that she failed to respond to his internal affairs complaint and was liable as a supervisor were dismissed for failure to state a claim for relief, as the failure of police to investigate a citizen's complaint does not state a constitutional claim and liability cannot be premised on respondeat superior.  The plaintiff now makes clear that he intended for this claim to be raised against Berger.  This claim fails to state a constitutional claim for relief no matter the identity of the defendant.  The claim in the Amended

7

Complaint that was permitted to proceed was a claim that Berger was personally aware of widespread police brutality but failed to act. This is an entirely new, different claim of individual liability, not a claim concerning the failure to investigate or a claim based on respondeat superior. This new claim against a defendant identified for the first time more than four years after the incident in question is barred by the statute of limitations because it does not relate back to the allegations of the Complaint. For this reason, Berger should be dismissed as a party to this action.

## Recommendation

For the reason stated above, it is recommended that:

1. Defendant Thompson's Motion to Dismiss [DE# 73] be granted, and Thompson be dismissed as a party to this civil action.

2. The Motion to Dismiss [DE# 74] filed by the defendants Berger, unidentified City of North Miami Beach Police Officers and the City of North Miami Beach be granted, and these parties be dismissed from this civil action.

3. The case remain pending on the Complaint [DE# 1] against Fogelgren and Ierubino in their individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eugene E. Mack, Pro Se
      DC No.  L25373
      Holmes Correctional Institution
      3142 Thomas Drive
      Bonifay, FL 32425
      (Last known address)

      Darcee S. Siegel, Esq.
      City Attorney's Office
      17011 NE 19th Avenue
      North Miami Beach, FL 33162

      Robert D. Yates, Esq.
      Schwartzreich & Yates
      208 S.E. 6th Street
      Fort Lauderdale, FL 33301