UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20181-CIV-SEITZ/WHITE

EUGENE MACK,

        Plaintiff,

v.

LINDA LOIZZO, et al.,

        Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

THIS MATTER is before the Court upon the Report and Recommendation [DE-77] of United States Magistrate Judge Patrick A. White recommending that the Motions to Dismiss filed by Defendant Daniel Thompson [DE-73] and Defendants William Berger, Unidentified City of North Miami Beach Police Officers and the City of North Miami Beach [DE-74] be granted. Having conducted a *de novo* review of the Motions, the Parties' filings, and of the entire record, the Court will affirm and adopt Judge White's recommendations to grant Defendants' Motions to Dismiss. Plaintiff's claims against these Defendants will be dismissed because they are barred by the four-year statute of limitations.

    **1.**    **Background Facts**

This is a civil rights action under 42 U.S.C. § 1983 in which the Plaintiff alleges the use of excessive force during his arrest on the early morning of January 20, 2004. Plaintiff was a backseat passenger in a car in a high-speed chase that originated in North Miami Beach and concluded in Dania Beach. (DE-36-1, Amended Complaint ("Am. Compl.") at ¶ 13). Plaintiff alleges that after he exited the vehicle and attempted to surrender to pursuing officers by raising his hands and shouting, "I give up," Defendant Daniel Thompson ("Thompson") ordered Plaintiff to the ground at gunpoint. (Am. Compl. at ¶¶ 14-15). Plaintiff further alleges that when he was on the ground, Defendant John Doe II proceeded to kick him in the face and yell racial epithets at him. (*Id.* at ¶ 16). Finally, Plaintiff asserts that after John Doe II assaulted him, a police canine began to bite him while Defendant Dennis Fogelgren, a K-9 officer, Defendant Keith Ierubino,

1

Thompson, John Doe II, and other officers stood by. (*Id.* at ¶¶ 17-18). These officers let the attack proceed for two to three minutes until the police canine was finally called off. (*Id.* at ¶ 18).

The record before the Court indicates that Plaintiff did not take action on these allegations until June 10, 2007, when he filed a complaint with the Internal Affairs Unit of City of the North Miami Beach Police Department ("Police Department"). (DE-80, Exhibit A to Response to Thompson Motion to Dismiss).[1] On June 20, 2007, the Police Department sent Plaintiff a letter requesting Plaintiff to sit for an interview and Polygraph test. (*Id.*). In another letter, the Police Department's Internal Affairs Supervisor asked Plaintiff to submit a statement during the week of August 13, 2007 at the detention center where Plaintiff was residing. (Exhibit B(2) to Response to Thompson Motion to Dismiss)).

On January 15, 2008, apparently after receiving no response to his inquiries about the status of the Police Department's investigation, Plaintiff filed an action under 42 U.S.C. § 1983 for damages against four named defendants and two "John Doe" defendants who Plaintiff claimed were affiliated with the Broward County Sheriff (DE-1, Original Complaint at ¶¶ 8-9). According to Plaintiff, the Police Department conducted interviews in May of 2008 with officers involved in the altercation and the transcripts of those interviews allowed Plaintiff to determine that Daniel Thompson, a detective with the Broward County Sheriff, was the individual Plaintiff identified in his original Complaint as Defendant John Doe I. (Response to Thompson Motion to Dismiss at page 3).

On October 12, 2008, Plaintiff filed an Amended Complaint seeking to (1) substitute Daniel Thompson for John Doe I, (2) substitute William Berger for Linda Loizzo and present new allegations

---

[1] However, Plaintiff alleges in his Amended Complaint that he filed his police complaint on August 27, 2007. (Am. Compl. at ¶ 21). Furthermore, he claims in his opposition to Defendant Thompson's Motion to Dismiss that his initial communications with the Police Department "resulted in the proper filing of a complaint on August 22, 2007." (Response to Motion to Dismiss at pages 2-3). In any event, it is not material whether Plaintiff's initial complaint with the Police Department was filed on June 10, 2007 or in late August 2007.

against Berger that he failed to properly train or supervise Police Department officers[2], (3) add several unidentified City of North Miami Beach police officers as defendants based on their failure to intervene and (4) add a claim against the City of North Miami Beach Police Department based on its alleged policy of promoting deliberate indifference to the constitutional rights of persons subject to arrest. (DE-36). All of these newly-added Defendants have moved to dismiss the claims against them.

On August 4, 2009, Judge White issued a Report and Recommendation that recommends granting the Motions to Dismiss on the ground that the statute of limitations has expired with respect to all of the newly-added Defendants. Plaintiff has two responses.[3] First, he asserts that his claim against Thompson should relate back to the original Complaint because the Police Department's failure to investigate more quickly his complaint prevented him from substituting Thompson in as a defendant before the expiration of the statute of limitations. Second, Plaintiff argues that his substituted claim against Berger should relate back because he mistakenly identified Linda Loizzo as the chief of the Police Department in his original Complaint, and his new claim against Berger did not begin to accrue until the Police Department conducted its internal investigation, which Plaintiff claims gave him the facts to support his new allegations that Berger did not properly train or supervise Police Department officers.

2.   **Analysis**

The parties do not dispute that Plaintiff's § 1983 action is subject to a four-year statute of limitations. An action under 42 U.S.C. § 1983 brought in Florida is governed by Florida's four-year personal injury statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Burton v. City of Belle Glade*,

---

[2] While the Amended Complaint still contains references to Loizzo, Plaintiff asserts in his objection to Judge White's Report and Recommendation of November 19, 2008 and in his response to Berger's Motion to Dismiss that his intent was to substitute Berger for Loizzo. (DE-48, Objections to November 19, 2008 Report and Recommendation at page 1; DE-90, Response to Berger Motion to Dismiss at pages 3-4).

[3] Plaintiff has not filed an objection to Judge White's Report & Recommendation, but the Court will treat his response briefs to the two Motions to Dismiss, filed after Judge White entered his Report & Recommendation, as objections. Accordingly, the Court grants Plaintiff's Motion to Adopt Plaintiff's Response to Defendants' Motion To Dismiss As Objection to Magistrate's Report and Recommendation [DE-100].

178 F.3d 1175, 1188 (11th Cir. 1999). The events underlying Plaintiff's action took place on January 20, 2004, but Plaintiff did not file his Amended Complaint until October 12, 2008, over four-and-a-half years later. As a result, the question with respect to each newly-added Defendant is whether Plaintiff could have added the Defendant despite the apparent expiration of the statute of limitations.

### a. Defendant Thompson

First, the Court must address Plaintiff's argument that his claim against Thompson can relate back to the original Complaint, which was filed before the expiration of the four-year statute of limitations period. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim that arises from the same conduct, transaction or occurrence set out in the original pleading] and if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, *and* (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). While the issue of whether the new party has had notice of the claim is the primary focus in a relation-back inquiry, *see Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008), Rule 15(c)(1)(C)(ii) also requires that a plaintiff make a "mistake" in identifying a defendant in the original pleading in order for a claim against a newly-added defendant to relate back to that pleading. *See Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999).

Furthermore, under *Wayne*, a *pro se* plaintiff's lack of knowledge as to the identity of a party does not constitute a "mistake" that can allow a claim against that party to relate back to an original pleading. In *Wayne*, a *pro se* § 1983 plaintiff who brought claims against numerous "John Doe" deputy sheriffs attempted to amend his complaint after the expiration of the statute of limitations by replacing the "John Doe" deputy sheriffs with eight specifically-named deputy sheriffs he identified through discovery. *Id.* at 1102. Despite the fact that the plaintiff was not able to identify the named deputies until he received discovery, the Eleventh

4

Circuit Court of Appeals held that the claims against the named deputies could not relate back to the original complaint because the plaintiff did not make a "mistake" in identifying those parties in the original complaint, but simply lacked knowledge of their identity at the time he filed the original complaint. *Id.* at 1104. Accordingly, the court found the claims were barred by the applicable statute of limitations. *Id.*

Here, because Plaintiff similarly did not know Thompson's identity when he filed his original Complaint, *Wayne* precludes the claim against Thompson in Plaintiff's Amended Complaint from relating back to Plaintiff's original Complaint. Even though Plaintiff described John Doe I's role in his arrest with sufficient specificity that Thompson could very well have been on notice of the claim within the statute of limitations period, Plaintiff must have made a "mistake" in identifying Thompson in his original Complaint and *Wayne* clearly holds that Plaintiff failure to know that John Doe I was actually Thompson is not a "mistake" under Rule 15. As Judge Hoevler's concurrence in *Wayne* recognizes, in circumstances such as this, where the defendant identified in the original pleading as a "John Doe" could easily have been on notice that the plaintiff was attempting to assert a cause of action against him, relation back of that claim to the original pleading may be equitable. *See Wayne*, 197 F.3d at 1107 (in cases where "a plaintiff has used improper names, but nevertheless reasonably identified the defendants, the emphasis should ... be placed on notice and prejudice to the defendants"). However, the Court is bound to follow *Wayne*'s bright-line rule that Plaintiff's lack of knowledge as to John Doe I's true identity cannot constitute a "mistake."[4] As a result,

---

[4] Plaintiff's claim that the Police Department's alleged delay justifies adding Thompson after the limitations period has no bearing on a relation-back inquiry under *Wayne*'s bright-line rule, and would have been best raised as an argument for tolling the four-year statute of limitations. *See Robinson v. United States*, 327 Fed. Appx. 816, 819 (11th Cir. 2007) (equitable tolling allowed under extraordinary circumstances such as when defendant's misconduct induces plaintiff into letting statute of limitations pass). However, Plaintiff has not requested a tolling of the statute of limitations, and the Court is not permitted to act as counsel for a *pro se* plaintiff. *GJR Invs. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, Plaintiff's failure to take any action on his claim for nearly three-and-a-half years would greatly impede, if not completely prohibit, the equitable tolling of the statute of limitations. *See Robinson*, 327 Fed. Appx. at 819 ("extraordinary circumstances" are those beyond plaintiff's control and unavoidable even with diligence).

Additionally, contrary to Plaintiff's response to Defendant Thompson's Motion to Dismiss, Fla. Stat. § 112.533 does not provide on its face for any deadlines within which a law enforcement agency must complete the investigation of a complaint. The law states that an investigation shall be presumed to be "inactive if no finding is made within 45 days after the complaint is filed," but a complete reading of that statute indicates that this provision

Plaintiff's claim against Thompson does not relate back to the original Complaint and is barred by the four-year statute of limitations.

### b. Defendants Unidentified City of North Miami Beach Police Officers and City of North Miami Beach

The claims against Defendants Unidentified City of North Miami Beach Police Officers and City of North Miami Beach will also be dismissed. Plaintiff added these new claims against previously unidentified parties after the statute of limitations expired and those new claims cannot be relate back to Plaintiff's original Complaint.

Additionally, while Plaintiff argues that Florida's delayed discovery doctrine, codified in Fla. Stat. § 95.031, dictates that his new causes of action against these Defendant did not accrue until he obtained information confirming his allegations from the Police Department's internal investigation, the Florida delayed discovery doctrine has not been extended to § 1983 claims. Florida law expressly provides that a cause of action accrues when the last element of the cause of action occurs. Fla. Stat. § 95.031(1). The only recognized exceptions to this rule are certain enumerated causes of action identified by the Legislature in which accrual begins at the time the plaintiff discovers the facts giving rise to the case of action. *See Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002) (delayed discovery rule does not apply to claims for breach of fiduciary duty, civil theft, conversion and unjust enrichment); *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1281 (11th Cir. 2003) (only statutory bases for delayed discovery doctrine for claims involving products liability, fraud, malpractice, or intentional torts based on child abuse). As §1983 claims have not been exempted from Florida's accrual rule, the delayed discovery doctrine does not apply to Plaintiff's claim against these Defendants. Accordingly, Plaintiff's claims against the Unidentified City of North Miami Beach Police Officers and City of North Miami Beach are also barred by the statute of limitations.

---

merely sets a deadline for when records produced during an investigation shall become subject to inspection under Fla Stat. § 119.07(1).

### c.      **Defendant Berger**

The claim against Defendant Berger will also be dismissed. To the extent that the allegations against Berger are read to be synonymous with the allegations Plaintiff raised against Loizzo and could potentially relate back to the original Complaint, Plaintiff's claim that Berger failed to respond to Plaintiff's internal affairs complaint does not state a claim as the failure of police to investigate a citizen's excessive force complaint does not state a violation of Plaintiff's constitutional rights. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002).

Furthermore, Plaintiff's new claim in the Amended Complaint that Berger failed to train or supervise Police Department officers cannot relate back. Plaintiff's original Complaint makes no allegations concerning the training or supervision of Police Department officers. As a result, even if the new claim arises out of the same "conduct, transaction, or occurrence" set out in the original Complaint, Berger was not on notice during the statute of limitations period of the failure to train claim asserted in Plaintiff's Amended Complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (requiring that the party to be brought in by amendment "knew or should have known that the action would have been brought against [him]"); *Davenport v. United States*, 217 F.2d 1341, 1345 n.8 ("the critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted"); *Mackey v. DiCaprio*, 2006 U.S. Dist. LEXIS 63827, at *7 (S.D.N.Y. Sep. 6, 2006) (holding that § 1983 claim for failure to train and supervise cannot relate back as newly added defendants, while likely aware of the suit, had no notice that a claim of negligent hiring or supervision could be at issue and stating that "the Court could find no allegations that hinted at problems with policy, practice, supervision, or hiring").

Finally, for the reasons stated above, Florida's delayed discovery doctrine does not apply to Plaintiff's § 1983 claim against Berger such that it is also barred by the statute of limitations. Accordingly, it is hereby

ORDERED that

(1) Plaintiff's Motion to Adopt Plaintiff's Response to Defendants' Motion To Dismiss As Objection to Magistrate's Report and Recommendation [DE-100] is GRANTED.

(2) The Report and Recommendation [DE-77] of United States Magistrate Judge Patrick A. White is AFFIRMED and ADOPTED.

(3) Defendant Thompson's Motion to Dismiss [DE-73] is GRANTED.

(4) Defendants Berger's, Unidentified City of North Miami Beach Police Officers' and the City of North Miami Beach's Motion to Dismiss [DE-74] is GRANTED.

DONE AND ORDERED in Miami, Florida, this 11 day of December, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record

*Pro se* Plaintiff Eugene Mack, L23573
Holmes Correctional Institution
3142 Thomas Drive B1122L
Banifay, FL 32425